
Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

January 11, 2018

Margaret A. Dale
Member of the Firm
d 212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

<u>By ECF (Courtesy copy provided
to Chambers by overnight mail)</u>

Hon. Judge William H. Pauley, III
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

   Re: *Brady Cohen, individually and on behalf of all others similarly situated v. Charles Tyrwhitt, Inc., et al.*
      Case No. 17-CV-09389(WHP)

Dear Judge Pauley:

We represent Defendant Charles Tyrwhitt, Inc. ("Charles Tyrwhitt"), a men's clothier, in the above-captioned action commenced by Brady Cohen individually and purportedly on behalf of all others similarly situated (collectively "Plaintiffs"). Pursuant to Your Honor's Individual Practice Rule III(A)(ii), we respectfully write to request a pre-motion conference regarding our intention to file a pre-answer motion to dismiss Plaintiffs' Complaint ("Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Under the current schedule, Charles Tyrwhitt's time to answer, move against or otherwise respond to the Complaint is February 9, 2018.

As is relevant here, Plaintiffs allege that Charles Tyrwhitt contracted with defendant NaviStone, alleged to be an online marketing company, "to insert a small parcel of computer code into" its website, which enabled them to build a list of "consumers' names and mailing addresses" for use in direct marketing to those consumers. (Compl. ¶¶ 11, 14). The code provided by NaviStone allegedly wiretapped electronic communications "with the website" by capturing the "keystroke[s] and mouseclick[s] [*sic*]" of visitors to the Charles Tyrwhitt website, and transmitted that information to NaviStone. (Compl. ¶¶ 2, 13). Plaintiffs allege that Charles Tyrwhitt and NaviStone's conduct violates the federal Wiretap Act, 18 U.S.C.S. § 2510, *et seq*. (Compl. ¶¶ 1, 41).

Plaintiffs' allegations, assumed to be true only for the purposes of Charles Tyrwhitt's motion to dismiss, fail to state a claim under the Wiretap Act. Pursuant to the Wiretap Act, a cause of action may exist against "any person who -- (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). An "intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any

---

[1] Counsel for defendant NaviStone wrote to Your Honor on January 4, 2018 (Dkt. No. 15), to request a pre-motion conference regarding NaviStone's intention to file a motion to dismiss this complaint (among others).

**Proskauer»**

Hon. Judge Pauley, III
January 11, 2018
Page 2

electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Notwithstanding, the Wiretap Act provides the following exception:

> [i]t shall not be unlawful … for a person … to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception … .

18 U.S.C. § 2511(2)(d). This explicit statutory exception, well supported by longstanding case law, provides Charles Tyrwhitt with a complete defense to Plaintiffs' allegations.

Plaintiffs' Complaint is also subject to dismissal under Fed. R. Civ. P. 12(b)(1) because Plaintiffs have failed to allege injury-in-fact, an element of Article III standing, thereby depriving this Court of subject matter jurisdiction. Among other deficiencies, the Complaint contains no allegations regarding how any alleged interceptions caused harm to the named plaintiff, Brady Cohen. The clear weight of authority renders this defect fatal, thereby subjecting the Complaint to dismissal.

For the foregoing reasons, Charles Tyrwhitt respectfully requests that the Court hold a pre-motion conference. Alternatively, Charles Tyrwhitt respectfully requests that the Court direct the parties to meet and confer on a briefing schedule for the motion, and to submit a stipulation and proposed order. As we continue to analyze the Complaint, we may identify additional grounds for dismissal.


Respectfully submitted,


____*/s/* Margaret A. Dale_____

Margaret A. Dale


cc:  All Counsel (via ECF)

**Proskauer»**