UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BRADY COHEN, individually and on behalf of : Case No. 1:17-CV-09389 (WHP)
others similarly situated, :
:
:
Plaintiff, :
:
:
- v - :
:
:
CHARLES TYRWHITT, INC. and :
NAVISTONE, INC., :
:
:
Defendants. :
------------------------------------------------------------------X

### DEFENDANT NAVISTONE, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

MENAKER & HERRMANN LLP
10 East 40th Street
New York, New York 10016
(212) 545-1900

BRANN & ISAACSON
184 Main Street, P.O. 3070
Lewiston, Maine 04243-3070
(207) 786-3566

*Attorneys for Defendant NaviStone, Inc*

April 10, 2018

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................. i

Preliminary Statement ............................................................................................................1

Argument ................................................................................................................................1

I. Cohen Fails to State a Claim under the Federal Wiretap Act ...............................1

    A. The Communications at Issue Are Between Cohen and the Website He Visited ..................................................................1

    B. Cohen Fails to Allege a "Tortious Purpose" Separate from the Alleged Interception ...........................................................2

    C. There Is No Private Right of Action under 18 U.S.C. § 2512 ...............5

II. Cohen Fails to State a Claim under the Stored Communications Act ...................6

III. Cohen Fails to State Valid Claims for Violations of New York General Business Law §§ 349 and 350 ..........................................................................7

IV. Cohen's Claim of Diversity Jurisdiction Should Be Rejected ..............................9

Conclusion ............................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Anonymous v. CVS Corp.*,
    188 Misc.2d 616 (Sup. Ct. N.Y. Co. 2001) .................................................................... 4

*Broder v. Cablevision Sys. Corp.*,
    329 F. Supp.2d 551 (S.D.N.Y. 2004) ............................................................................ 7

*Byrd v. Aaron's, Inc.*,
    2012 WL 12887775 (W.D. Pa. Feb. 17, 2012) ............................................................. 5

*Caro v. Weintraub*,
    618 F.3d 94 (2d Cir. 2010) ............................................................................................ 3

*Conboy v. AT&T Corp.*,
    241 F.3d 242 (2d Cir. 2001) .......................................................................................... 7

*Cousineau v. Microsoft Corp.*,
    6 F. Supp. 3d 1167 (W.D. Wash. 2014) .................................................................... 6, 7

*DirecTV Inc. v. Cignarella*,
    2005 WL 1252261 (D.N.J. May 24, 2005) ................................................................... 5

*DirecTV, Inc. v. Deskin*,
    363 F. Supp. 2d 254 (D. Conn. 2005) ........................................................................... 5

*DirecTV, Inc. v. Lewis*,
    No. 03-CV-6241, 2004 WL 941805 (W.D.N.Y. Jan. 6, 2004) ..................................... 5

*DirecTV, Inc. v. Robson*,
    420 F.3d 532 (5th Cir. 2005) ......................................................................................... 6

*DirecTV, Inc. v. Treworgy*,
    373 F.3d 1124 (11th Cir. 2004) ..................................................................................... 6

*Gaidon v. Guardian Life Ins. Co. of Am.*,
    255 A.D.2d 101 (1st Dep't 1998) .................................................................................. 3

*Garcia v. City of Laredo*,
    702 F.3d 788 (5th Cir. 2012) ......................................................................................... 6

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
   98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) ........................................................................ 9

*In re DoubleClick Inc. Privacy Litigation*,
   154 F.Supp.2d 497 (S.D.N.Y. 2001) .......................................................................... 1, 3

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
   806 F.3d 125 (3d Cir. 2015) ............................................................................. 1, 2, 6, 7

*In re Nickelodeon Consumer Privacy Litig.*,
   827 F.3d 262 (3rd Cir. 2016) ........................................................................................ 1

*Louros v. Cyr*,
   175 F.Supp.2d 497 (S.D.N.Y. 2001) ............................................................................ 7

*Luis v. Zang*,
   833 F.3d 619 (6th Cir. 2016) ........................................................................................ 6

*Meyerson v. Prime Realty Services, LLC*,
   7 Misc.3d 911 (N.Y. Sup. Ct. N.Y. Co. 2005) ............................................................. 4

*Mount v. PulsePoint, Inc.*,
   No. 13-CV-6592, 2016 WL 5080131 (S.D.N.Y. Aug. 17, 2016) ......................... 3, 4, 8

*New World Solutions, Inc. v. NameMedia Inc.*,
   150 F. Supp.3d 287 (S.D.N.Y. 2015) ........................................................................... 9

*Scarola v. El Al Corp.*,
   No. 01-CV-376, 2002 WL 432902 (N.Y. App. Term. Feb. 28, 2002) ......................... 3

*Schwartz v. FCC Nat. Bank*,
   No. 97-CV-2833, 2000 WL 34593909 (E.D.N.Y. July 10, 2000) ................................ 3

*Small v. Lorillard Tobacco Co.*,
   94 N.Y.2d 43 (1999) .................................................................................................. 10

*Smith v. Chase Manhattan Bank, USA, N.A.*,
   293 A.D.2d 598 (2d Dep't 2002) ......................................................................... 4, 5, 8

*Spiro v. Healthport Techs., LLC*,
   73 F. Supp.3d 259 (S.D.N.Y. 2014) ............................................................................. 7

*Stutman v. Chemical Bank*,
   95 N.Y.2d 24, 709 N.Y.S.2d 892 (2000) ..................................................................... 8

*United States v. Warshak*,
 631 F.3d 266 (6th Cir. 2010) .................................................................................................. 2

*Vasquez v. New York City Dep't of Educ.*,
 No. 11-CV-3674 2015 WL 3619432 (S.D.N.Y. June 10, 2015) ..................................... 7

*Windstream Servs., LLC v. BMG Rights Mgmt. (US) LLC*,
 No. 16-CV-5015, 2017 WL 1386357 (S.D.N.Y. Apr. 17, 2017) ..................................... 2

**Statutes**

Federal Wiretap Act

    18 U.S.C. § 2512 ................................................................................................................. 5

    18 U.S.C. § 2512(1)(b) ....................................................................................................... 5

    18 U.S.C. § 2512(b) ............................................................................................................ 6

    18 U.S.C § 2520 .................................................................................................................. 6

    18 U.S.C. § 2520(a) ............................................................................................................ 5

Class Action Fairness Act

    28 U.S.C. § 1332(d)(2) ...................................................................................................... 9

Digital Millennium Copyright Act

    17 U.S.C. § 512(k)(1)(A) ................................................................................................... 2

Federal Judiciary Act

    28 U.S.C. § 1367(c)(3) ...................................................................................................... 9

Federal Stored Communications Act

    18 U.S. § 2701 ............................................................................................................. 6, 7, 8

New York General Business Law

    § 349 ............................................................................................................................ passim

    § 350 ................................................................................................................................. 7, 9

## PRELIMINARY STATEMENT

The purpose of NaviStone's activities, Plaintiff Cohen admits, was to help the Defendant retailers identify likely purchasers for their direct mail promotions. [Opp., p. 1 (information was shared with NaviStone for "marketing purposes")].[1] Further, he expressly defines the "electronic communications" in all three cases as "keystrokes, mouse clicks, and other *interactions with Casper.com* [*i.e.*, with the retailers' websites]." [Am. Compl., ¶ 47 (emphasis added)]. NaviStone's access to these communications, he affirmatively pleads, was granted by each of the retailers "pursuant to an agreement," *i.e.*, with their consent. [Am. Compl. ¶ 16]. Thus, by his own admission, NaviStone's intent "plainly has not been to perpetuate torts," but, rather, "to make money providing a valued service to commercial Web sites." *In re DoubleClick Inc. Privacy Litigation*, 154 F.Supp.2d 497, 519 (S.D.N.Y. 2001). Against this backcloth, and just as in *DoubleClick*, NaviStone believes Cohen's lawsuits should be dismissed.

## ARGUMENT

**I.  Cohen Fails to State a Claim under the Federal Wiretap Act.**

**A.  The Communications at Issue Are Between Cohen and the Websites He Visited.**

When a person visits a website and interacts with it, communications occur between the visitor and that site. *DoubleClick*, *supra*, 154 F.Supp. at 503; *see also In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 140 (3d Cir. 2015); *accord In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 269 (3rd Cir. 2016). The nature and content of such communications are often behind the scenes. *DoubleClick, supra*, 154 F.Supp. at

---

[1] Capitalized terms and citation abbreviations have the same meanings as in NaviStone's original memorandum of law.

503 – 04; *In re Google, Inc., supra*, 806 F.3d at 142. Cohen offers no authority or factual content to make plausible his threadbare assertion, in a single paragraph of his Amended Complaint, that his interactions with the retailers' websites involved communications with his Internet service provider ("ISP"), but not with those websites. [NaviStone Mem., pp. 9 – 10]. This is as farfetched as claiming that a cellphone call to L.L. Bean's customer service number was intended for AT&T alone, and it ought not be credited here. *See, e.g., United States v. Warshak*, 631 F.3d 266, 286 (6th Cir. 2010) (an ISP is "the functional equivalent of a post office or a telephone company"); *Windstream Servs., LLC v. BMG Rights Mgmt. (US) LLC*, No. 16-CV-5015, 2017 WL 1386357, at *5 (S.D.N.Y. Apr. 17, 2017), *appeal dismissed*, No. 17-1515, 2017 WL 5329346 (2d Cir. Sept. 25, 2017) ("service providers" are entities "offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received." (quoting § 512(k)(1)(A) of the Digital Millennium Copyright Act).

### B. Cohen Fails to Allege a "Tortious Purpose" Separate from the Alleged Interception.

Under the express allegations of the Amended Complaints, NaviStone cannot be liable under the Wiretap Act, as each of its alleged interceptions was expressly authorized by a retailer client, a party to the communications. Cohen has admitted that *all* of the alleged activities of NaviStone were undertaken with the knowledge and consent of its retailer clients; indeed, all of the activities described are attributed, jointly, to NaviStone and its clients. [NaviStone Mem., pp. 3 – 4, 12 – 15]. His reliance on *In re Pharmatrak*, to overcome his own pleading admissions is misplaced. 329 F.3d 9, 20 (1st Cir. 2003) ("Far from consenting, … [Pharmatrak's clients] explicitly conditioned their purchase of NETcompare on the fact that [Pharmatrak] would not collect such information.").

- 2 -

Cohen attempts to save his Wiretap Act claims through a narrow exception prohibiting otherwise-lawful interceptions undertaken for an *independent* tortious or criminal purpose. *See* Opp., p. 6 ("To survive a motion to dismiss, a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording.") (*quoting Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010)). *See also, e.g., In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d at 515 ("the 'criminal' or 'tortious' purpose requirement is to be construed narrowly, covering only acts accompanied by a specific contemporary intention to commit a crime or tort.").

Recognizing the absurdity of asserting that NaviStone's purpose here is criminal, Cohen limits his Opposition to the position that the alleged violations New York General Business Law ("GBL") § 349 and the alleged breach of Casper's privacy policy satisfy the tortious purpose exception. He is wrong, not only because the claim fails on its merits for the multiple reasons discussed below, but also because, contrary to Plaintiff's implications, violations of GBL § 349 are not torts. *See, e.g., Gaidon v. Guardian Life Ins. Co. of Am.*, 255 A.D.2d 101, 102 (1st Dep't 1998) (distinguishing between tort claims and statutory cause of action under GBL § 349), *aff'd as modified on other grounds,* 94 N.Y.2d 330 (1999); *Scarola v. El Al Corp.*, No. 01-CV-376, 2002 WL 432902 (N.Y. App. Term. Feb. 28, 2002) (same); *Schwartz v. FCC Nat. Bank*, No. 97-CV-2833, 2000 WL 34593909 (E.D.N.Y. July 10, 2000) (same), *report and recommendation adopted in part, rejected in part on other grounds sub nom. Schwartz v. Chan*, 142 F. Supp. 2d 325 (E.D.N.Y. 2001)

The case law plaintiff cites in his attempt to make a tort out of routine online marketing does not help him. The leading case cited by Plaintiff is *Mount v. PulsePoint, Inc.*, No. 13-CV-6592, 2016 WL 5080131 (S.D.N.Y. Aug. 17, 2016), *aff'd,* 684 F.App'x 32 (2d Cir.

2017). In *Mount*, the court noted that "plaintiffs do not identify any New York statute—or any New York state court decision—enshrining their right to privacy in anonymous (or perhaps pseudonymous) internet browsing history information." *Id.* at *11. Analyzing the three cases other cases plaintiff cites here, the court concluded that no such right is provided by GBL § 349. *Id.* The court distinguished between the "presumptively' confidential" information at issue in those cases—Social Security numbers in *Meyerson v. Prime Realty Services, LLC*, 7 Misc.3d 911, 912 (N.Y. Sup. Ct. N.Y. Co. 2005), statutorily-protected confidential medical information in *Anonymous v. CVS Corp.*, 188 Misc.2d 616 (Sup. Ct. N.Y. Co. 2001)—and "plaintiffs' browsing histories," despite the fact that such histories "may reveal intimate details of that user's life." *Id.* at *11-12.

Cohen's opposition emphasizes that the information at issue in *Mount* was anonymous, but omits the final step of *Mount*'s analysis: a reliance (*id.*, at *13) on the New York Appellate Division decision in *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598 (2d Dep't 2002). In *Smith*, the court affirmed the dismissal of a GBL § 349 claim predicated on the sale of "confidential client information to third-party vendors in violation of its" privacy policy. *Id.* at 599. There, as here, the purported class representative asserted that this disclosure of his personal information for marketing purposes was actionable harm under the statute. The court disagreed, holding that "the 'harm' at the heart of this purported class action, is that class members were merely offered products and services which they were free to decline. This does not qualify as actual harm." Cohen never explains how the Defendants' alleged interception, de-anonymization, or re-distribution of user marketing information can be read to violate GBL § 349 after *Smith*.

Cohen also asserts that Defendants' "violation of Casper's privacy policy" is somehow a separate tortious purpose of Defendants' acts. Opp., p. 7. Leaving aside the dubious

suggestion that any of the parties would be acting *for the purpose of* violating Casper's privacy policy, rather than, at worst, in derogation of that policy, Cohen does not and cannot articulate any way for NaviStone to commit a tort by breaching a third-party's policy that it neither endorses nor distributes. More importantly, Cohen never makes clear why any purported violations of Casper's privacy policy would be independent torts, nor how such violations could violate GBL § 349 in light of the conduct held permissible in *Smith*.

Finally, the conduct underpinning Cohen's claims of violations of GBL § 149 and Casper's privacy policy *is the wiretap interception itself*, which is insufficient to establish a separate tortious or criminal purpose. [*See* Opp., pp. 1 ("By installing secret wiretaps in the code of the Retailers' websites and transmitting Plaintiff's confidential Personally Identifiable Information ('PII') they obtained thereby, Defendants have violated General Business Law ('GBL') § 349," as well as Casper's privacy policy)].

C.  **There is No Private Right of Action under 18 U.S.C. § 2512.**

Most courts, including those in the Second Circuit, have held that no private cause of action arises under Section 2512(1)(b). *See, e.g., DirecTV, Inc. v. Deskin,* 363 F. Supp. 2d 254, 260 (D. Conn. 2005) ("the better interpretation of the statute is the one adopted by the majority of courts that finds no private right of action"); *DirecTV, Inc. v. Lewis,* No. 03-CV-6241, 2004 WL 941805, at *4-5 (W.D.N.Y. Jan. 6, 2004) (same); *accord DirecTV Inc. v. Cignarella,* 2005 WL 1252261 (D.N.J. May 24, 2005) (granting motion to dismiss). *See, e.g., Byrd v. Aaron's, Inc.,* 2012 WL 12887775, *11 (W.D. Pa. Feb. 17, 2012) ("join[ing] the growing number of district courts within the Third Circuit in concluding that 18 U.S.C. § 2520(a) does not provide a private cause of action for violations of 18 U.S.C. § 2512" and collecting cases); *DirecTV, Inc. v. Robson,* 420 F.3d 532 (5th Cir. 2005); *DirecTV, Inc. v. Treworgy,* 373 F.3d 1124 (11th Cir. 2004).

A minority position has emerged in the Sixth Circuit, but, even there, Cohen's claim does not hold up given the allegations here. In *Luis v. Zang*, 833 F.3d 619, 637 (6th Cir. 2016), the court held "that a defendant … which allegedly violates § 2512(b) by manufacturing, marketing, and selling a violative device[ ] is subject to a private suit under § 2520 *only when* that defendant also plays an active role in the use of the relevant device to intercept, disclose, or intentionally use a plaintiff's electronic communications." *Id.* (emphasis added).

## II. Cohen Fails to State a Claim under the Stored Communications Act.

Cohen's attempt to defend his claim that a visitor's browsing device is a "facility through which an <u>electronic communication service</u> is provided" under the SCA flies in the face of clear precedent—which he ignores (Casper Am. Compl. § 25) (emphasis added). In the 2015 *Google* case, for example, the Third Circuit held, consistent with the majority of other courts, "that 'a home computer of an end user is not protected by the [Act].'" 806 F.3d at 146 (footnotes omitted) (quoting *Garcia v. City of Laredo*, 702 F.3d 788, 792 (5th Cir. 2012)). Indeed, an "overwhelming body of law" supports the conclusion that a personal device used by an individual to access the Internet is not a "facility" under the SCA. *Cousineau v. Microsoft Corp.*, 6 F. Supp. 3d 1167, 1174–75 (W.D. Wash. 2014) (citing *Garcia* and numerous District Court decisions) (treating user devices as "facilities" would, *inter alia*, "ignore statutory language treating users and providers as different").

As the Third Circuit in *Google* explained, this result is correct for three separate reasons. First, a facility through which an <u>electronic communication service</u> is provided "most naturally describes network service providers," and, indeed, "[c]ourts have interpreted the statute to apply to providers of a communication service such as telephone companies, [i]nternet or e-mail service providers, and bulletin board services.'" *Id.* at 146 (quoting *Garcia, supra*). Second, the SCA states that it "does not apply with respect to conduct authorized … by the person or

entity providing [the] wire or electronic communication service," and "[i]t would certainly seem odd that the provider of a communications service could grant access to one's home computer to third parties, but that would be the result of [the plaintiffs'] argument." *Id.* at 147 (footnotes omitted). Finally, the Third Circuit relied upon legislative history which "confirms that Congress crafted the statute to specifically protect information held by centralized communication providers." *Id.* (citation omitted). No court in the Second Circuit has departed from this view of the Congressional intent.

### III. Cohen Fails to State Valid Claims for Violations of New York General Business Law §§ 349 and 350.

Cohen's claims under GBL § 349 (deceptive business practices) and GBL § 350 (false advertising) should be dismissed because they fail to allege injury in fact, are premised on his (defective) federal claims being valid, and do not plead separate state-law grounds for violation of those provisions.

First, Cohen does not argue that he has met his obligation to plead standing—specifically, an injury–in–fact. [*See* NaviStone Mem., pp. 19 – 20]. He points to no allegation of any of the Amended Complaints sufficient to allege the necessary concrete and particularized harm to a legally protected interest. *See Spiro v. Healthport Techs., LLC*, 73 F. Supp.3d 259, 267 (S.D.N.Y. 2014) (dismissing complaint). Indeed, by failing to address the issue, Cohen has waived his opposition. *See Vasquez v. New York City Dep't of Educ.*, No. 11-CV-3674, 2015 WL 3619432, *14 (S.D.N.Y. June 10, 2015) (collecting cases).

Second, the GBL is not a catch–all mechanism for private plaintiffs to enforce any and all provisions of state or federal law. *See Broder v. Cablevision Sys. Corp.*, 329 F. Supp.2d 551, 559 (S.D.N.Y. 2004) (citing *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001); *Louros v. Cyr*, 175 F.Supp.2d 497, 518 (S.D.N.Y. 2001)). Having failed to state valid federal claims under the Wiretap Act or the SCA, Cohen cannot, under the guise of the GBL, take a

second bite of the apple. The point is not that the Wiretap Act or the SCA allow for *no* private right of action, contrary to Cohen's mischaracterization at NaviStone's argument. [*See* Opp., p. 20 n.7]. Rather, the point is that a GBL claim cannot be bootstrapped out of a failed purported federal claim. [*See id.*, pp. 19 – 21]. He effectively concedes this point by citing only out-of-circuit case law interpreting the Wiretap Act and California law as substantiating the supposed harm to him, not case law under the GBL. [*See id.*, p. 20].

Third, and as explained earlier, Cohen's own case law establishes that New York does not recognize the circumstances alleged here as an actionable harm. In *Mount v. PulsePoint, Inc., supra*, the District Court dismissed a GBL § 349 claim for failure to plead an actionable injury. Specifically, the court noted that New York law did not enshrine a right to privacy in anonymous (or pseudonymous) browsing history. *See Mount*, 2016 WL 5080131 at *11. In support of that conclusion, the court considered *Smith v. Chase Manhattan Bank, USA, supra*, in which the Second Department held that the offer of products and services to class members based on names, addresses, phone numbers, and financial data that the customers had been promised would not be shared did not constitute an actionable injury because the class members were free to decline those offers. Receipt and use of customers' "information for marketing" was not a violation of GBL § 349. *Mount*, 2016 WL 5080131 at *13. Here, likewise, Cohen has simply alleged harm via "exposure of the personal and private information." [Am. Compl. ¶ 79; *see also id.* ¶¶ 80 ("loss of privacy through the exposure") & 84 (same)]. Disclosure to NaviStone—the only alleged disclosure, *id.* ¶¶ 4, 23 & 56—is not a cognizable harm to Plaintiff.

Fourth, Plaintiff points to no allegation of deception *on the part of NaviStone, i.e.,* a materially misleading representation or omission *by NaviStone* likely to mislead a reasonable customer. *See Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892 (2000). In the Casper complaint, for example, Plaintiff refers only to representations in Casper's privacy

policy. [Am. Compl. ¶ 79]. The representations in the privacy policy are not statements *by NaviStone*. Moreover, Plaintiff concedes, no such allegations appear in the other Amended Complaints, because no such privacy policy is even mentioned. [*See* Opp., p. 2 n.1]. The sole allegations in those Amended Complaints are that, somehow, the act of "wiretapping" itself was "misleading in a material way" [*e.g.*, Tyrwhitt Am. Compl. ¶ 68]. Plaintiff cannot build valid claims on this *non sequitur*. In any event, the Casper privacy language is not deceptive; it states affirmatively that Casper uses data to deliver targeted advertising, to analyze interactions with its website, to identify the audience most likely to respond to advertising, and to send website users information about Casper's products and services. [*See id.* ¶ 42].

As for the § 350 claim, Cohen contends, erroneously, that a claim of false advertising need not allege false advertising. [*See* Opp., p. 19 n.6]. That is not the law. While the standard of recovery under § 350 is identical to those of a § 349 claim, the former claim is "'specific to false advertising.'" *New World Solutions, Inc. v. NameMedia Inc.*, 150 F. Supp.3d 287, 330 (S.D.N.Y. 2015) (quoting *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1, 746 N.Y.S.2d 858 (2002)).

### IV.   Cohen's Claim of Diversity Jurisdiction Should Be Rejected.

Faced with NaviStone's request for dismissal under 28 U.S.C. § 1367(c)(3), Cohen belatedly argues for diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), a basis found nowhere in his pleadings. [Opp., p. 24]. CAFA jurisdiction is lacking, however.

First, Cohen has not alleged the amount in controversy attributable solely to his state law, let alone that it exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Second, Cohen has not alleged the size of the New York subclass, on behalf of which these claims have presumably been made. [Am. Compl. ¶ 84 (alleging injury to Plaintiff and New York subclass only)]. Third,

even if Cohen asserted a valid claim under GBL §§ 349 or 350, he has not alleged cognizable damages attributable to any alleged misconduct of NaviStone. *See Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). Fourth, the particularized calculations of such damages, even if alleged, are not, and have not been alleged to be, amenable to resolution in a class action

This case began and remains solely about hoped-for federal statutory penalties for purported violations of federal statute. Cohen presents no basis for the imposition of such penalties (alleged to be $5,000,000 for a *national* class) as remedies for his GBL claims, for the simple reason that federal statutory penalties are not recoverable for violations of state law.

## CONCLUSION

For all of the reasons stated herein and in its opening memorandum of law, as well as in the separate memoranda filed by the retailer Defendants in support of their separate motion to dismiss (which NaviStone incorporates by reference), NaviStone respectfully asks the Court to dismiss Cohen's Amended Complaints with prejudice and without further leave to amend.

Dated: New York, New York
April 10, 2018

>
> Respectfully submitted,
>
> MENAKER & HERRMANN LLP
>
> By: /s/ Richard G. Menaker
>     Richard G. Menaker
>
> 10 East 40th Street
> New York, NY 10016
> *Attorneys for Defendant NaviStone, Inc.*

BRANN & ISAACSON
David W. Bertoni, *Pro hac vice*
184 Main Street, P.O. 3070
Lewiston, Maine 04243-3070
    Of Counsel.